UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.                                                                           Crim. No. 05-385 (JNE/JJG)
                                                                       ORDER

Juan Carlos Vargas-Quintero,

       Defendant.

       This case is before the Court on a Report and Recommendation issued on January 11, 2006. The magistrate judge recommended that the Court grant Defendant's Motion to Suppress 10/25/05 Statement and deny Defendant's Motion to Suppress Evidence Obtained as a Result of 10/24/05 and 10/25/05 Search and Seizure. The government objected to the Report and Recommendation on January 31, 2006. On February 3, 2006, counsel for the government notified the Court that counsel for Defendant would be out of the country until the first week of March 2006. After counsel for Defendant returned, he informed the Court that he would let the Court know whether or not Defendant would be filing a response to the government's objections. To date, the Court has not heard back from counsel for Defendant.

       The Court has conducted a de novo review of the record. Based on that review, the Court adopts the factual recitation in the Report and Recommendation in its entirety. The Court also adopts the magistrate judge's recommendation to deny Defendant's Motion to Suppress Evidence Obtained as a Result of 10/24/05 and 10/25/05 Search and Seizure, but declines to adopt the recommendation to grant Defendant's Motion to Suppress 10/25/05 Statement.

       The government objects to the magistrate judge's recommendation that Defendant's statements made during a post-arrest interview with Detective Travis Bolles be suppressed as

having been taken in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966).  Defendant was given and indicated that he understood his *Miranda* rights:[1]

| | |
|---|---|
| [Bolles:] | Juan, the Constitu . . . the Constitution requires I inform you that: |
| [Interpreter:] | (interprets) |
| | |
| [Bolles:] | You have the right to remain silent. |
| [Interpreter:] | (interprets) |
| | |
| [Bolles:] | Anything you say will be used in court as evidence against you. |
| [Interpreter:] | (interprets) |
| | |
| [Bolles:] | You are entitled to talk to a lawyer now and him [sic] present with you now or at any time during questioning. |
| [Interpreter:] | (interprets) |
| | |
| [Bolles:] | If you cannot afford a lawyer, one will be appointed for you without cost. |
| [Interpreter:] | (interprets) |
| | |
| [Bolles:] | Do you understand each of these rights? |
| [Interpreter:] | (interprets) |
| [Defendant:] | (speaks) |
| [Interpreter:] | Yes. |

Bolles then asked Defendant, "Do you wish to talk to me at this time?"  The transcript indicates Defendant responded "How."  On the recording of the interview, after Bolles asked Defendant if he wished to talk to him, the interpreter can be heard translating the question, and then there is an exchange between Defendant and the interpreter in Spanish.  This exchange is unintelligible.  At the end of the exchange, Defendant can be heard on the recording asking "Como?", which is followed by a translation by the interpreter of the word "How."  Bolles then said "Okay.  What I'd like to talk to you about is yesterday you were arrested driving a car."  Defendant answered "Yes."  Bolles proceeded to interview Defendant.  During the interview,

---

[1]  Defendant is a Hispanic male.  An interpreter was present throughout the interview.

Defendant responded to a series of translated questions and ultimately admitted to his role in methamphetamine trafficking. Defendant did not at any point ask for an attorney.

The Fifth Amendment prohibits the use of self-incriminating statements obtained during custodial interrogation, unless there is a voluntary, knowing, and intelligent waiver of one's right to remain silent and right to an attorney. *Miranda*, 384 U.S. at 444 ("Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed."). When a defendant claims a statement was obtained in violation of his *Miranda* rights, the government is required to show waiver by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157, 168 (1986); *United States v. Haggard*, 368 F.3d 1020, 1024 (8th Cir. 2004). A waiver is knowing and intelligent when it is made with full awareness of both the nature of the right being abandoned and the consequences of abandoning the right. *Thai v. Mapes*, 412 F.3d 970, 977 (8th Cir. 2005) (citing *Moran v. Burbine*, 475 U.S. 412, 421 (1986)). A waiver is voluntary if it is the product of a suspect's free and deliberate choice and not of intimidation, coercion, or deception. *Id.* "Only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that one's *Miranda* rights have been waived." *Moran*, 475 U.S. at 421. To invoke one's right to remain silent, one must unequivocally express one's desire to remain silent. *Simmons v. Bowersox*, 235 F.3d 1124, 1131 (8th Cir. 2001).

Here, the record demonstrates Defendant was properly advised of and understood his *Miranda* rights, including his right to remain silent. The record further demonstrates that after indicating comprehension of his rights, Defendant proceeded to answer questions asked by Bolles. There is no evidence that Bolles coerced Defendant into answering his questions or used

deceptive interrogation methods.  Based on the totality of the circumstances surrounding the interrogation, the Court concludes Defendant waived his *Miranda* rights.  In so holding, the Court acknowledges Defendant answered "How" when asked if he wished to talk to Bolles and that there was an untranslated exchange between Defendant and the interpreter prior to Bolles' questioning.  This does not, however, defeat Defendant's waiver.  First, there has been no showing that Defendant ever expressed a desire to remain silent.  *See Davis v. United States*, 512 U.S. 452, 458-59 (1994) (holding that an assertion of one's right to counsel must be neither ambiguous nor equivocal).[2]  Bolles' response to Defendant's "How" was "Okay.  What I'd like to talk to you about is yesterday you were arrested driving a car," to which Defendant answered "Yes."  Under these circumstances, the record does not support a finding that Defendant asserted his right to remain silent.  The Court declines to speculate that a brief conversation between the interpreter and Defendant that was not translated constituted an invocation of Defendant's right to remain silent.  Second, there has been no showing that it was unreasonable for Bolles to interpret Defendant's response as an indication of his willingness to answer questions.  *See id*. at 459 (explaining that the clarity of the invocation of the right to counsel should be determined objectively according to a reasonable police officer).  Finally, even if Defendant's response was intended to be an invocation of his right to remain silent, it was ambiguous at best.  Therefore, further questioning was permissible.  *See id*. at 461-62 (declining to adopt a rule requiring officers to ask clarifying questions; explaining that if a suspect's statement is not an unambiguous or unequivocal request for counsel, officers have no obligation to stop questioning

---

[2]   The Eighth Circuit Court of Appeals has applied this standard to the right to remain silent.  *See Simmons*, 235 F.3d at 1131 (citing *Davis*).

him); *Simmons*, 235 F.3d at 1131-32 (holding that further questioning was permissible after ambiguous assertion of right to remain silent).

For these reasons, the Court declines to adopt the magistrate judge's recommendation that Defendant's motion to suppress the October 25 statement be granted. The Court does adopt the magistrate judge's recommendation that Defendant's motion to suppress evidence obtained as a result of the October 24 and October 25, 2005, search and seizure be denied.

The Court further finds that, due to the absence of counsel for Defendant and the delay in notifying the Court of Defendant's intention to respond to the government's objections, speedy trial adjustments should be made. In particular, the Court finds the ends of justice served by excluding the time period from February 3, 2006, through the date of this Order outweigh the best interest of the public and Defendant in a speedy trial. Therefore, such time shall be excluded from speedy trial calculations under 18 U.S.C. §§ 3161(h)(8)(A) and (B).

Therefore, IT IS ORDERED THAT:

1. Defendant's Motion to Suppress 10/25/05 Statement [Docket No. 30] is DENIED.

2. Defendant's Motion to Suppress Evidence Obtained as a Result of 10/24/05 and 10/25/05 Search and Seizure [Docket No. 32] is DENIED.

3. The time period from February 3, 2006, through the date of this Order shall be excluded from speedy trial calculations.

Dated: April 4, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge